# EXHIBIT A

ELECTRONICALLY FILED
2014 Sep 05 AM 9:57
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2014-LM-004241

Janet Bunce
vs.
American Coradius International LLC

**SUMMONS**

To the above-named Defendant/Respondent:

**American Coradius International LLC**
**2420 Sweet Home Road**
**Amherst, NY  14228**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 10/27/2014, to be held at the following location:

Wyandotte County District Court

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court

**Documents to be served with the Summons:**

ELECTRONICALLY FILED
2014 Sep 05 AM 9:57
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2014-LM-004241

## In the District Court of Wyandotte County, Kansas
### Limited Actions Division

| | |
|---|---|
| Janet Bunce<br><br>　　　　　Plaintiff,<br>vs.<br><br>American Coradius International LLC,<br><br>　　　　　Defendant. | Case No.: _____<br>Division: ___ |

## PETITION

### COUNT I
(Assessing interest for which Defendant is not entitled by contract or law - Violation of the Fair Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)

Comes now Plaintiff Janet Bunce and for Plaintiff's petition against Defendant American Coradius International LLC hereby alleges as follows:

1.　　　　Plaintiff is a natural person residing in Kansas.

2.　　　　Defendant regularly conducts business in the state of Kansas.

3.　　　　Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. §1692a(5).

4.　　　　Defendant is regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the Fair Debt Collection Practices Act (hereafter FDCPA), at U.S.C. §1692a(6).

5.　　　　Defendant is engaged in the business of purchasing and collecting "charged-off" consumer accounts alleged to have been originally owed to others

(hereinafter "originating creditor").

6. Defendant has made a demand upon Plaintiff, alleging that it was collecting a debt for Chase Bank USA N.A.. See Exhibit A.

7. In the letter, Defendant stated that interest and other charges are accruing and the creditor may be requiring an additional amount to consider the balance paid in full.

8. As of the date of the letter, Chase Bank USA N.A. was reporting to the creditor reporting agencies that the account was written off and Chase Bank USA N.A. was not charging interest.

9. Therefore, Defendant had assessed interest on the alleged debt after it was charged off by the original creditor, Chase Bank USA N.A..

10. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

11. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where finance charge is imposed. 15 U.S.C. § 1637(b).

12. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. § 1637(b).

13. Consistent with 15 U.S.C. § 1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by [12 C.F.R.] § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." Id. at § 226.5(b) (2)(i).

14.     However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

15.     One of those exceptions is if the creditor has charged-off the account in accordance with loan-loss provisions and <u>will not charge any additional fees or interest on the account</u>. *Id.* at <u>§ 226.5(b) (2)(i)</u>.

16.     Therefore, under applicable regulations, Chase Bank USA N.A. was required to send periodic statements to Plaintiff until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account" <u>12 C.F.R. § 226.5(b)(2)(I)</u>.

17.     Previous to the alleged purchase of the account by the Defendant from Chase Bank USA N.A., Chase Bank USA N.A. charged-off an account alleged to have been incurred by Plaintiff.

18.     Because Chase Bank USA N.A. had charged-off the account, it was not required to send periodic statements to Plaintiff as would otherwise be required by law.

19.     Therefore after charging-off the account, Chase Bank USA N.A. did not send any billing statements regarding the account to the debtor.

20.     Chase Bank USA N.A. took advantage of the charge off exception to enable it not to be required by send periodic billing statements.

21.     The legal tradeoff for entitling Chase Bank USA N.A. to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

22.     Therefore, after the account was written off, Chase Bank USA N.A. was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

23.     Furthermore, Chase Bank USA N.A. had therefore waived its right to charge interest on the charged off account. *Simkus v. Cavalry Portfolio Services, LLC*, 2012 WL 1866542 2012; *McDonald v. Asset Acceptance LLC*, Case No. 2:11-cv-13080, ED Michigan 2013.

24.     At the time of the letter, Chase Bank USA N.A. did not have the legal right to charge interest.

25.     There is no legal basis for Defendant to charge interest on the charged-off account for which Chase Bank USA N.A. failed to maintain periodic statements.

26.     The Plaintiff was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

27.     The standard in determining whether the Plaintiff violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

28.     The above-described acts are misleading to the least sophisticated consumer.

29.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30.     As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

COMES NOW Defendant, and as for Count II against Defendant, states and alleges as follows:

31.     Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

32.     Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

33.     Defendant is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

34. The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

35. K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

36. The above-described actions of Defendant violated section K.S.A. § 50-626(b)(1) by falsely making *representations made knowingly or with reason to know that: (A) property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; and that (B) the supplier has a sponsorship, approval, status, affiliation or connection that the supplier does not have.*

37. Furthermore, K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

38. In determining whether an act or practice is unconscionable, K.S.A §50-626 provides that the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

> *(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

> *(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

39. Defendant's acts and omissions as described herein are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

6

40. By virtue of the actions of Defendant, Plaintiff was aggrieved by virtue of the imposition of some burden or obligation that federal law was designed to alleviate.

41. Defendant's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

42. Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

43. Because of Defendant's deceptive acts, is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

WHEREFORE, Plaintiff respectfully prays for judgment on Count II against Defendant and requests the Court:

a. Award actual damages and restitution to Plaintiff;

b. If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A. §50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

c. Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634; and

d. Such other and further relief as the Court deems just and equitable.

Respectfully Submitted,
ATTORNEYS FOR PLAINTIFF

/s/ A.J. Stecklein

_____
A.J. STECKLEIN #16330
MICHAEL RAPP # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
        mr@kcconsumerlayer.com

8



American Coradius International LLC
2420 Sweet Home Road STE 150
Toll Free: 800-213-7163

| Creditor: | COMENITY CAPITAL BANK |
|---|---|
| Original Creditor: | CHASE BANK USA, N.A. |
| Account Number: | 5049904002402670 |
| Account Balance: | $1,455.68 |
| Amount Remitted: | $ |

*PLEASE DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT*

September 5, 2013

| Creditor | Original Creditor | Account # | Account Balance |
|---|---|---|---|
| COMENITY CAPITAL BANK | CHASE BANK USA, N.A. | 5049904002402670 | $1,455.68 |

Dear Janet Bunce

We are writing to you regarding your BILL ME LATER account.

As of the date of this letter you owe $1,455.68.

This letter will serve as confirmation that American Coradius International LLC, is willing to accept $873.41 to settle the above referenced account.

This offer requires that American Coradius International LLC receives your funds in the amount of $873.41 on or before 09-27-13.

Should you choose not to accept this offer, the account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by state law.

If you wish to discuss this offer further, please contact our office at 800-213-7163 at your earliest convenience

Upon clearance of your payment, we will notify our client so they can update their records accordingly.

Make your check or money order payable to:
AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME RD STE 150
AMHERST NY 14228-2244

Should you fail to meet the above arrangement as offered, these payment terms will be cancelled and American Coradius International LLC will initiate collection of the entire outstanding balance.

Sincerely,

American Coradius International LLC
A Professional Debt Recovery Agency

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
Calls to or from this company may be monitored or recorded for quality assurance purposes.

ou can now resolve this matter online . Logon to www.acibillpay.com to see the
repayment options available to you.
your 7 digit ACI reference number 5931957 available when you log in.
arrangements on your account using checking, credit card or debit card accounts.



Address: 2420 Sweet Home Rd Ste 150, Amherst NY 14228-2244
Hours of Operation: Mon-Thurs: 8AM-9PM, Fri: 8AM-5PM, Sat: 8AM-12PM EST



PLAINTIFF'S EXHIBIT A